I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6/11/10

DEPUTY CLERK



"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUN 11 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ERIN DARLING, <br><br> Petitioner, <br><br> vs. <br><br> MATTHEW CATE, Warden, <br><br> Respondent. | Case No. SACV 09-1437-GHK (RNB) <br><br> ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. No objections to the Magistrate Judge's Report and Recommendation have been filed. The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge, subject to the following amendments.

1. On page 4, footnote 3 is amended to read as follows:

"The Court of Appeal noted that, while the "Three Strikes" law did mandate that a trial court impose consecutive sentences for each felony count that was not committed on the same occasion and did not arise from the same set of operative facts, the trial court retained its discretion to impose concurrent rather than consecutive sentences for

1

offenses that were committed on the same occasion or arose from the same set of operative facts. (<u>See</u> Lodgment No. 13 at 11.) The Court of Appeal went on to find that the crimes petitioner committed before entering the Skibas' apartment were not committed on the same occasion and did not arise out of the same set of operative facts than those offenses committed after petitioner entered the apartment. (<u>See id.</u> at 13.) However, the crimes petitioner committed after entering the Skibas' apartment (i.e., false imprisonment, cutting telephone lines, and kidnapping) did arise out of the same of operative facts, and therefore the trial court should have determined whether to sentence petitioner concurrently or consecutively for those offenses. (<u>See id.</u> at 15.)"

2.   On page 15, lines 17-21, the sentence beginning with the word, "Here," is amended to read as follows:

> "Here, the jury was instructed that the underlying felonies being alleged were assault with a deadly weapon, false imprisonment for purposes of protection from arrest or using the person as a shield, and kidnapping. (<u>See</u> 5 RT 984-90.)"

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 6/7/10

GEORGE H. KING
UNITED STATES DISTRICT JUDGE